IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


STELLAR J CORPORATION, a Texas            09-CV-353-JE
corporation,
                                          ORDER
            Plaintiff,

v.

SMITH & LOVELESS, INC., a Kansas
corporation,

            Defendant.

─────────────────────────────


CITY OF RANIER, for the use and
benefit of SMITH & LOVELESS INC.,
and SMITH & LOVELESS, INC., a
Kansas corporation,

            Counterclaimants,

v.

STELLAR J CORPORATION, a Texas
corporation, and TRAVELERS
CASUALTY AND SURVEY COMPANY OF
AMERICA,

            Counterdefendants.


1  -  ORDER

**ALBERT F. SCHLOTFELDT**
Duggan Schlotfeldt & Welch
900 Washington Street, Suite 1020
P.O. Box 570
Vancouver, WA 98666-0570
(360) 699-1201

        Attorneys for Plaintiff/Counterdefendants


**GUY A. RANDLES**
**SEAN C. GAY**
Stoel Rives LLP
900 S.W. 5th Avenue, Suite 2600
Portland, OR 97204
(503) 294-9288

**DAN C. SANDERS**
Monaco Sanders Gotfredson Racine & Barber, L.C.
1001 E. 101st Terrace, Suite 170
Kansas City, MO 64131
(816) 523-2400 ext.2

        Attorneys for Defendant/Counterclaimant


**BROWN, Judge.**

      Magistrate Judge John Jelderks issued Findings and Recommendation (#85) on August 4, 2010, in which he recommends the Court grant in part and deny in part Defendant Smith & Loveless, Inc.'s Motion (#44) for Summary Judgment. Specifically, the Magistrate Judge recommends the Court grant Defendant's Motion with respect to Plaintiff Stellar J Corporation's claim insofar as Plaintiff seeks damages for breach of contract by Defendant in the sum of $172,283.95 for "extended home office overhead." The Magistrate Judge recommends the Court

2  -  ORDER

deny the balance of Defendant's Motion as to Plaintiff's remaining damage theories.

Plaintiff and Defendant each filed timely Objections to the Findings and Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

**I.   Portions of the Findings and Recommendation to which Plaintiff objects.**

Plaintiff objects to the Magistrate Judge's recommendation that the Court grant that portion of Defendant's Motion seeking summary judgment as to the "extended home office overhead" allegedly incurred by Plaintiff as the result of Defendant's breach of the construction contract between Plaintiff (contractor) and Defendant (subcontractor) when Defendant failed to perform in accordance with the schedule prescribed by the contract.  Specifically, Plaintiff contends it has shown material issues of fact exist as to whether Plaintiff is entitled to damages to compensate Plaintiff for extended home office overhead.  In any event, Plaintiff also contends it is

3  -  ORDER

inappropriate for the Magistrate Judge to grant summary judgment as to only one of Plaintiff's damage theories.

In his Findings and Recommendation, the Magistrate Judge notes there are two recognized theories for recovery of uncompensated home-office overhead that results from a delay of performance under a construction contract. *See Sw. Eng'g Co. v. Cajun Elec. Power Coop., Inc.*, 915 F.2d 972, 978-79 (5th Cir. 1990)(distinguishing "unabsorbed home office overhead" and "extended home office overhead"). The Magistrate Judge determined Plaintiff's claim for home-office overhead is solely one for "extended home office overhead." Plaintiff does not object to the Magistrate Judge's characterization of its damage theory. Based on his assessment of the opinion of Plaintiff's expert that some of Plaintiff's damages from Defendant's alleged delay may be properly characterized as extended home-office overhead, the Magistrate Judge concluded Plaintiff did not show its home-office overhead was not a fixed expense or that it actually suffered any additional home-office overhead due to Defendant's delay. In fact, the Magistrate Judge concluded Plaintiff's expert incorrectly based his calculation of "extended home office overhead" on the "Eichleay formula" for "unabsorbed home office overhead" by determining the total home-office overhead that is allocable to the contract at issue, dividing that amount by the number of days of performance on the project,

4  -  ORDER

and multiplying that daily amount of overhead by the number of days of the alleged delay.  See *West v. All State Boiler*, Inc., 146 F.3d 1368, 1378-79 n.4 (Fed. Cir. 1998).  Although Plaintiff repeats its contention that the calculation made by its expert is not based on the "Eichleay formula," Plaintiff merely restates the arguments made in its response to Defendant's Motion without offering any specific explanation of the bases for its argument.

    Ultimately the Magistrate Judge concluded Plaintiff did not make the required showing that it incurred additional home-office expenses in excess of its fixed costs for the ongoing operation of its home office due to Defendant's delay.  *See id*. at 978. (To recover for extended home office overhead, a contractor must "show added overhead costs, which exceed its normally incurred fixed expenses attributable to ongoing business operations [because] . . . a contractor may still be able to complete the work without incurring 'added' overhead costs.").  *See also Guy James Constr. Co. v. Trinity indus., Inc.,* 644 F.2d 525, 532-33 (5th Cir. 1981)(same).

    Moreover, the Magistrate Judge concluded even if Plaintiff sought damages for "unabsorbed home office overhead," Plaintiff did not make the required showing to sustain a claim for such damages by establishing that Defendant's delay caused Plaintiff to idle its business operations.  *See id.  See also Yacht West, Ltd. v. Christensen Shipyards, Ltd.*, 702 F. Supp. 2d 1292, 1302-

03 (D. Or. Mar. 22, 2010)(To recover "unabsorbed home office overhead, the contractor must prove that the [subcontractor's delay] required the contractor to remain on standby during the delay.").

Having reviewed the pertinent portions of the record *de novo*, the Court does not find any error in the Magistrate Judge's conclusion that Plaintiff has failed to establish that it has a claim for extended home-office overhead.

Plaintiff also contends the Court should not resolve the issue of Plaintiff's available remedies by way of a partial summary judgment because Federal Rule of Civil Procedure 56 is a means of summary disposition of "claims" only, and Plaintiff's particular damage theories are not "claims."  In support of its argument, Plaintiff cites *In re Methyl Tertiary Butyl Ether Products Liability Litigation* in which the District Court for the Southern District of New York distinguished between particular forms of relief (such as injunctive relief, compensatory damages, punitive damages, etc.) and the claims from which those forms of relief flow.  517 F. Supp. 2d 662, 666 (S.D.N.Y. Sept. 20, 2007). The court concluded "partial summary judgment as to a particular *remedy*-is outside the contemplation of the Federal Rules."  *Id.* (emphasis in original).  Ultimately the district court treated the motion for summary judgment as a motion *in limine*.  *Id.*

The Court notes Rule 56(a) and (b) permit parties to move

for summary judgment as to "all or part of a claim."  Even if there were a clear distinction between a theory of liability and the relief to which it may entitle a party, Rule 56 provides a basis for the Court to resolve something less than the whole of a claim on summary judgment when a party fails to produce evidence to support a portion of its claim.  *See, e.g., Hamblin v. British Airways* PLC, No. 09 Civ. 3077(BMC), 2010 WL 2423581, at *3-5 (E.D.N.Y. June 15, 2010)("[T]he right and the remedy are each part of the 'claim' as defined in Rule 56" that may be appropriately tested and resolved by the court on a motion for summary judgment).  The Court finds the reasoning in *Hamblin* persuasive and, in any event, the Magistrate Judge did not err when he granted summary judgment only as to a part of Plaintiff's claim for damages arising from Defendant's alleged breach of contract.

## II.  Portions of the Findings and Recommendation to which Defendant objects.

Defendant objects to the portion of the Findings and Recommendation in which the Magistrate Judge recommends the Court deny Defendant's Motion for Summary Judgment as to Plaintiff's remaining damage theories for back-charges and added field overhead.

In its Objections, Defendant reiterates the arguments contained in its Motion for Summary Judgment and Reply in Support of Summary Judgment.  This Court has carefully considered

Defendant's Objections and concludes they do not provide a basis to modify the Findings and Recommendation.

The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Jelderks's Findings and Recommendation (#85) and, therefore, **GRANTS in part** and **DENIES in part** Defendant's Motion (#44) for Summary Judgment as follows:

1.    The Court **GRANTS** Defendant's Motion for Summary Judgment as to Plaintiff's claim for "extended home office overhead."

2.    The Court **DENIES** Defendant's Motion for Summary Judgment as to the remainder of Defendant's Motion.

IT IS SO ORDERED.

DATED this 18th day of November, 2010.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


8  -  ORDER