IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| STELLAR J CORPORATION, a Texas corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SMITH & LOVELESS, INC., a Kansas corporation, | ) ) ) | Civil No. 09-353-JE |
| Defendant. | ) ) | OPINION AND ORDER |
| ——————————————— | ) ) | |
| CITY OF RANIER, for the use and benefit of SMITH & LOVELESS, INC., and SMITH & LOVELESS, INC., a Kansas corporation, | ) ) ) ) | |
| Counterclaimants, | ) ) | |
| v. | ) ) | |
| STELLAR J CORPORATION, a Texas corporation, and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, an insurance company, | ) ) ) ) ) | |
| Counterdefendants. | ) ) | |
| ——————————————— | ) | |

OPINION AND ORDER - 1

Albert F. Schlotfeldt
Duggan, Schlotfeldt & Welch, PLLC
900 Washington Street, Suite 1020
P.O. Box 570
Vancouver, WA 98666-0570

       Attorney for Plaintiff Stellar J Corporation


Guy A. Randles
Sean C. Gay
Stoel Rives LLP
900 S.W. 5th Avenue, Suite 2600
Portland, OR 97204

Dan S. Sanders (admitted pro hac vice)
Monaco, Sanders, Gotfredson, Racine & Barber, L.C.
1001 E. 101st Terrace, Suite 170
Kansas City, MO 64131

       Attorneys for Defendant Smith & Loveless, Inc.


JELDERKS, Magistrate Judge:


Defendant Smith and Loveless, Inc. (Smith) moves for an Order certifying a decision filed on August 5, 2010, as final and appealable pursuant to Fed. R. Civ. P. 54(b).  In the alternative, Smith moves for an Order amending the decision pursuant to 28 U.S.C. § 1292(b),  allowing it to appeal the decision now, and staying this litigation pending resolution of the appeal.

I deny the motions.


OPINION AND ORDER - 2

## Background

Plaintiff Stellar J Corporation (Stellar) brought this action against Smith.  Smith asserted counterclaims against Stellar, and third-party claims against Travelers Casualty and Surety Company of America (Travelers).

On January 28, 2010, Stellar and Travelers moved for dismissal of Smith's counterclaims and third-party claims on the grounds that these claims were barred by an "unlicensed contractor defense" set out in Or. Rev. Stat. § 701.131.  In a Findings and Recommendation filed on May 11, 2010, I recommended that the motion be granted.  In an Order filed on August 5, 2010, the Honorable Anna Brown adopted that recommendation.  Defendant Smith now seeks an Order either certifying that decision as final and appealable, or amending that decision to allow for an appeal now.

## Discussion

The parties are familiar with the legal and factual issues related to the "unlicensed contractor defense" that was the subject of the decision which Smith wishes to appeal now, and it is not necessary to revisit those issues here.  The present question is not whether this court correctly concluded that defendant Smith's counterclaims and third-party claims are barred by Smith's and Traveler's assertion of that defense, but whether Smith should be allowed to appeal that conclusion now, before the balance of the issues in this litigation have been resolved.

1. **Rule 54(b)**

Federal Rule of Civil Procedure 54(b) provides that a district court may "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." If a district court makes such a determination, the partial judgment is immediately appealable. James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n. 6 (9th Cir. 2002).

Entry of judgment under Rule 54(b) is an "exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated." Ebrahimi v. City of Huntsville Board of Education, 655 F.2d 962, 965 (11th Cir. 1997). Judgments are entered pursuant to this Rule in unusual cases in which the costs and risks of piecemeal appeals are outweighed "by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981). In deciding whether entry of a partial final judgment pursuant to Rule 54(b) is appropriate, district courts consider whether the claims in question are so "separable from the others" and of such a "nature" that "no appellate court would have to decide the same issues more than once." AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1138 (9th cir. 2006) quoting Curtiss-Wright v. General Electric Co., 446 U.S. 1, 8 (1980). If the claims are not interrelated in a manner that could result in "piecemeal appeals," courts then assess the equities of entering a final, appealable judgment as to fewer than all of the claims. Id. at 1137. Weighing and balancing "contending" equities is a task "peculiarly . . . for the trial judge," and subject to reversal only if the district court's

OPINION AND ORDER - 4

conclusions as to whether a judgment should be entered pursuant to Rule 54(b) are "clearly unreasonable." Id., quoting Curtiss-Wright, 446 U.S. at 10, 12.

These factors do not favor the entry of an appealable final judgment under Rule 54(b) now concerning defendant Smith's counterclaims and third-party claims, because entry of such judgment would not likely reduce the number of appeals taken. To the contrary, entry of an appealable judgment could result in multiple "piecemeal" appeals. Nor do the equities favor entry of a judgment pursuant to Rule 54(b) at this time. Defendant Smith has not pointed to any hardship imposed by the court's decision on summary judgment that differs from that which ordinarily follows from dispositive pre-trial decisions. Though parties that do not prevail in pre-trial matters are routinely dissatisfied with the trial court's decisions, that dissatisfaction is not sufficient to invoke Rule 54(b).

## 2. Certification pursuant to 28 U.S.C. § 1292(b)

In the alternative to its motion for entry of a final judgment pursuant to Rule 54(b), defendant seeks an order amending the earlier summary judgment to include language permitting an interlocutory appeal of that decision under 28 U.S.C. § 1292(b). Section 1292(b) provides that

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order . . . .

OPINION AND ORDER - 5

The parties agree that this method of obtaining interlocutory review of a decision "is to be applied sparingly and only in exceptional circumstances," United States v. Woodbury, 263 F.2d 784, 799 n. 11 (9th Cir. 1959), which are present when "allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982).

Based upon a thorough review of the underlying decision at issue here, I conclude that the requirements for certification set out in § 1292(b) are not met. Certainly, the conclusion that plaintiff's invocation of the unlicensed contractor defense barred defendant's claims turned on a controlling question of law. However, I am satisfied that there is not "substantial ground for difference of opinion" as to the applicability of that defense under the circumstances of this action. Oregon law requires that a contractor be licensed in this state before a "proceeding" to recover on its claims has been commenced, and defendant was not licensed when it filed an answer to plaintiff's complaint asserting its claims. In addition, for the reasons set out in the above discussion of defendant's motion for entry of a judgment under Rule 54(b), certification under § 1292(b) would not "materially advance the ultimate termination" of the present dispute.

OPINION AND ORDER - 6

**Conclusion**

Defendant Smith's motion for entry of judgment pursuant to Rule 54(b) (#94-1) and alternative motion to amend the court's Order of August 5, 2010, to allow for appeal of that decision under 28 U.S.C. § 1292(b) (#94-2) are DENIED.

DATED this 19th day of January, 2011.

/s/  John Jelderks
John Jelderks
U.S. Magistrate Judge